Marshall, C. J.
 

 This case involves an interpretation of Sections 5509 to 5513, inclusive, General Code, which sections contain the following pertinent provisions:
 

 
 *272
 
 Section 5509: “If a corporation * * * required by tbe provisions of this act, to file any report or returns or to pay any tax or fee, * * * fails or neglects to make any sucb report or return or to pay any such tax or fee for ninety days after the time prescribed in this act * * * the commission shall certify such fact to the secretary of state. The secretary of state shall thereupon cancel the articles of incorporation of any such corporation * * * by appropriate entry upon the margin of the record thereof # * *. Thereupon all the powers, privileges and franchises conferred upon such corporations, by such articles of incorporation
 
 *
 
 * * shall cease and determine. ’ ’
 

 Section 5510: “Any person or persons who shall exercise, or attempt to exercise, any powers, privileges or franchises, under the articles of incorporation * * * after the same are cancelled, as provided in section one hundred and twenty [G-. C., Section 5509] of this act, shall be fined,” etc.
 

 Section 5511: “Any corporation whose articles of incorporation * * * have been cancelled * * * upon the filing, within two years after such cancellation, with the secretary of state, of a certificate from the commission that it has complied with all the requirements of this act and paid all taxes, fees or penalties due from it, and upon the payment to the secretary of state of an additional penalty of one hundred dollars, shall be entitled again to exercise its rights, privileges and franchises in this state, and the secretary of state shall cancel the entry made by him
 
 *
 
 * * and
 
 *273
 
 shall issue his certificate entitling such corporation to exercise its rights, privileges and franchises.”
 

 Section 5512: “In addition to all other remedies for the collection of any taxes or fees due, under the provisions of this act, the attorney general, shall, upon the request of the commission, whenever any taxes, fees or penalties due, under this act, * * * shall have remained unpaid for a period of ninety days, * * * apply to the common pleas court * * * for an injunction to restrain such public utility or corporation from the transaction of any business within this state, until the payment of such taxes or fees and penalties thereon. ’
 
 ’
 

 Section 5513: “If any corporation fails or neglects to make and file the reports or returns, required by this act, or to pay the penalties provided in this act for failure to make and file such reports or returns, for a period of ninety days after the time prescribed in this act, the attorney general, on the request of the commission, shall commence an action in quo warranto * * * to forfeit and annul its privileges and franchises.”
 

 All these sections must be construed
 
 in pari materia.
 
 It is claimed by the plaintiff that Section 5509 is self-executing, and that the action of the secretary of the state
 
 ipso facto
 
 terminates all power and authority of the corporation; that all of its acts thereafter, until reinstated, are absolutely void and of no effect. If the broad and sweeping language of Section 5509 should be taken' without reference to the other sections, it would' be
 
 *274
 
 difficult to answer that contention. When they are all read together, as parts of a single piece of legislation, and when the purpose of that legislation is taken into consideration, and when that enactment is construed in the light of the previous legislation on that subject, the language of Section 5509 must be held to have a different meaning. Section 5510 clearly .contemplates that the officers of such corporation may continue to exercise the forbidden powers, privileges, and franchises, and provides a penalty for such exercise. It may, therefore, be inferred that the Legislature recognized a measure of vitality in the corporation, and that it intended to penalize the continued exercise of powers which would be valid, though interfering with the primary purpose which the Legislature had in mind. Section 5511, in providing for reinstatement within a period of two years, further recognizes some vitality in the corporation, notwithstanding the action of the secretary of state, because within that period the payment of the fees and taxes and the filing of reports gives to the corporation the clear right to reinstatement, and reposes no discretion in the secretary of state to withhold a certificate of reinstatement. In law, as well as in nature, where the spark of life has entirely fled, there is no power short of the miraculous which can restore it. But, having placed in the power of the corporation itself the means and the instrumentality of reinstatement, the conclusion is irresistible that the Legislature did not intend that all powers of the corporation should cease and determine. In Section 5512 the evidence of the existence of life becomes
 
 *275
 
 still stronger, and the purpose of the Legislature in the opening sentence of that section becomes manifest. That section states that it is an additional power to those granted in the previous sections, and that it creates an additional remedy “for the collection of any taxes or fees due, under the provisions of this act.” By that section the services of the attorney general come to the aid of the secretary of state, to be employed for the purpose of assisting the secretary of state, and providing additional remedies. All the language of that lengthy section, with some repetition and prolixity, relates to the subject-matter of the collection of taxes and the procuring of reports of corporations. It is impossible to read those four sections concurrently without reaching the conclusion that the secretary of state and the attorney general are clothed •with the ministerial powers of enforcing the filing of returns and the collection of fees and taxes. Later, in the provisions of Section 5513, the Legislature turns to a different subject, and provides for a proceeding in quo warranto in a court of competent jurisdiction “to forfeit and annul its privileges and franchises.” It will be seen that in Section 5509 the secretary of state was given authority to “cancel” the articles of incorporation. In Section 5513 the attorney general is authorized to file quo warranto proceedings “to forfeit and annul its privileges and franchises. ’ ’ While the word “cancel” may be just as effective as the word “forfeit” or the word “annul,” if there is any shade of difference in the meaning, the latter words must be held to be more forceful, and certainly more
 
 *276
 
 final. All of these sections were enacted at the same time, and are found as different and successive sections of the act of the Legislature of May 31, 1911 (102 Ohio Laws, p. 224), and as parts of the Tax Commission Act. If the Legislature had intended to clothe the secretary of state with full power to finally cancel, forfeit, and annul corporate franchises, there was no occasion for the further enactment of Section 5513. Throughout Sections 5509 to 5512, inclusive, the language repeatedly refers to the collection of taxes and the filing of reports. In Section 5513 there is no mention of the processes of collecting taxes or filing reports, but in that section the final provision is made for forfeiting and annulling corporate privileges and franchises after the lapse of a certain period of time following the failure to file such reports or to pay such taxes and after the tax commission shall have requested such action on the part of the attorney general. The authority given to the secretary of state in Section 5509 appears for the first time in the Tax Commission Act, although the authority to the attorney general to bring an action in quo warranto was conferred on April 11, 1902. (95 Ohio Laws, p. 126.)
 

 Counsel have referred to a number of early cases decided by this court which declared that corporate franchises could only be forfeited by the decree of a competent tribunal in a judicial proceeding instituted by the government for that purpose. All the cases cited in support of that principle were decided by this court prior to the enactment of Section 5509, and they can, therefore,
 
 *277
 
 throw no light upon the question of the power of the secretary of state, if the Legislature should see fit to attempt to confer such power upon that official.
 

 It is not necessary in the instant case to determine whether the Legislature might confer upon the secretary of state the power to terminate the powers, privileges, and franchises of a corporation. It is sufficient to say that, when all these sections are construed together, the legislative intent is evident, and it becomes clear that it was not intended to confer that power upon the secretary of state further than to facilitate the filing of reports and the collection of fees and taxes. It is quite clear that after February 15, 1924, the attorney general might have brought a suit to enjoin further transactions on the part of the corporation, and might have brought criminal proceedings for the collection of penalties, and it is equally clear that by Section 5513 the final power to forfeit and annul corporate privileges and franchises was made to rest where it has always rested, in a court of competent jurisdiction, to be invoked by a proceeding in quo warranto.
 

 This determination of the matter is in perfect harmony with the declarations of this court in
 
 Newburg Petroleum Co.
 
 v.
 
 Weare,
 
 27 Ohio St., 343, and in
 
 American Soap Co.
 
 v.
 
 Bogue,
 
 114 Ohio St., 149, 150 N. E., 743, and
 
 List
 
 v.
 
 Burley Tobacco Growers’ Co-operative Assn.,
 
 114 Ohio St., 361, 151 N. E., 471, both of which have been recently decided by this court, and which declare that corporate acts of foreign corporations within this state prior to
 
 *278
 
 registration, within the limitations permitted by the laws of this state, are not void. All of the sections under consideration in this case relate to reports, fees, and taxes of resident and nonresident corporations, placing both on the same basis. This court having repeatedly declared that the acts of foreign corporations not registered in Ohio are not void, by the same token the acts of resident corporations under the ban of cancellation, where there is admittedly some spark of life, must also be held to be not void. We have been referred to the decisions of other states, but we find that the statutes of the states where those decisions have been rendered are sufficiently different from the Ohio statutes to render those authorities noncontrolling.
 

 The judgment of the Court of Appeals affirming the judgment of the court of common pleas will, therefore, be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.