**MACK CONSTRUCTION DEVELOPMENT CORPORATION, Appellant,**

v.

**AUSTIN SMITH CONSTRUCTION COMPANY et al.;**
**State Auto Insurance Companies, Appellee.**

[Cite as *Mack Constr. Dev. Corp. v. Austin Smith
Constr. Co.* (1989), 65 Ohio App.3d 402.]

Court of Appeals of Ohio,
Butler County.

No. CA89–03–042.

Decided Nov. 27, 1989.

*Rathman, Combs, Schaefer & Kaup* and *Gene E. Schaefer,* for appellant.
*McNamara & McNamara* and *J. Paul McNamara,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Mack Construction Development Corporation ("Mack"), appeals from a summary judgment granted by the Butler County Court of Common Pleas. The summary judgment was based upon the trial court's finding that Mack lacked capacity to sue since its corporate charter had been cancelled.

Mack contracted with defendant, Austin Smith Construction Company ("Austin Smith"), for Mack to supply labor and materials on a construction contract. Mack alleges it supplied materials on July 9, 1985, then filed a mechanics' lien August 9, 1985 against the property owner, Butler Metropolitan Housing Authority, after Austin Smith refused to pay. Defendant-appellee, State Auto Insurance Companies ("State Auto"), put up a bond for Austin Smith. Subsequently, when Mack originated this breach of contract action to foreclose on the mechanics' lien on May 16, 1986, the Butler County Court of Common Pleas dismissed the Butler Metropolitan Housing Authority as a party.

In its complaint, Mack alleged Austin Smith owed $38,840 for labor and materials on the project, and that State Auto had refused to pay its bond. State Auto's answer, filed June 13, 1986, admitted that Mack had supplied labor and materials and that State Auto had furnished a bond, but claimed no knowledge of the amount owed and offered only a general denial as to all

other allegations. Similarly, Austin Smith's answer denied that it owed Mack anything and offered as its defense that Mack's claim was barred by illegality of contract, and waiver and estoppel doctrines.

In January 1988, as the time for trial drew near, the trial court requested pretrial statements from the parties. Mack's statement reiterated the claims set forth in its complaint. Austin Smith alleged Mack was not a subcontractor but a joint venturer, and that the parties had agreed to disguise the relationship as that of contractor and sub, with Mack posing as a minority contractor, in order to win the Butler County Metropolitan Housing Authority contract.[1] Thus, Austin Smith asserted this illegal contract was not enforceable.

The truth of these allegations was never determined, since State Auto was granted leave to file a motion for summary judgment on February 18, 1988. The basis of this motion was that Mack lacked capacity to sue due to the 1980 cancellation of its corporate charter for failure to pay state franchise taxes pursuant to R.C. 5733.20.[2] Mack countered that the cancellation of the corporate charter did not automatically extinguish corporate capacity to sue. The trial court ultimately granted State Auto's motion for summary judgment on February 14, 1989.

Mack then perfected the instant appeal, assigning the following as error:

### First Assignment of Error

"The court erred in granting the defendant State Auto a motion for summary judgment in finding that Mack, a de facto corporation, had no standing to bring suit in this action."

### Second Assignment of Error

"The court erred in granting leave of court of the defendant State Auto to file an answer in this case. Civil Rule 12(A) requires that that [*sic*] defendant

---

**1.** State law requires that a certain percentage of public works contracts be awarded to minority contractors. See, generally, *Ohio Contractors Assn. v. Keip* (C.A.6, 1983), 713 F.2d 167.

**2.** R.C. 5733.20 reads, in part:

"If a corporation, wherever organized, required by law to file any report or return to pay any tax or fee as a corporation organized under the laws of the state for profit, * * * fails or neglects to make such report or return or to pay any such tax or fee for ninety days after the time prescribed by law for making such report or return or paying such tax or fee, the tax commissioner shall certify such fact to the secretary of state. The secretary of state shall thereupon cancel the articles of incorporation of any such corporation which is organized under the laws of this state, by appropriate entry, upon the margin of the record thereof, or cancel by proper entry the certificate of authority of such foreign corporation to do business in this state. Thereupon all the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation or by such certificate of authority shall cease, subject to section 1701.88 of the Revised Code."

shall serve an answer within 28 days after service of summons of the complaint upon him."

Upon our review of the briefs submitted by the parties to this action, this court raised *sua sponte* the question whether the affirmative defense of lack of capacity to sue may be initially raised in a motion for summary judgment. The parties submitted supplemental briefs addressing this issue. Upon reflection, we are satisfied that Ohio's liberalized pleading rules do not require such defense to be raised in a responsive pleading but allow the defense to be raised in a motion for summary judgment where no prejudice results to the party against whom the motion is directed. See *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 5, 12 OBR 1, 4, 465 N.E.2d 377, 380. Thus, because it appears Mack was not substantially prejudiced by the raising of the lack of capacity to sue by summary judgment motion, we will proceed to address Mack's first assignment of error on the merits.

Mack initially asserts the trial court erred in granting summary judgment based on Mack's contention that State Auto was not entitled to judgment as a matter of law. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. In concluding that the law requires that State Auto prevail in this case, we find the trial court did not abuse its discretion.

Mack argues that after cancellation of the corporate charter, Mack nevertheless retained its capacity to act as a corporation since it then became a *de facto* corporation. For its authority, Mack relies upon *Eversman v. Ray Shipman Co.* (1926), 115 Ohio St. 269, 152 N.E. 643, which held that a cancelled corporation remains viable for the purpose of attempting reinstatement. However, *Eversman* and related cases were decided prior to the legislature's adoption of the general Corporation Act. *Chatman v. Day* (1982), 7 Ohio App.3d 281, 282, 7 OBR 362, 364, 455 N.E.2d 672, 674. Thus, *Eversman* relied upon R.C. 5733.20, the provision relating to corporate tax collection, and is inapposite to a situation where the corporate dissolution mandated by R.C. 1701.88 occurs. *Id.* R.C. 1701.88(A) provides that where a corporation's articles have been cancelled, "the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs." *Columbia Real Estate Title Ins. Co. v. Columbia Title Agency, Inc.* (1983), 11 Ohio App.3d 284, 286, 11 OBR 513, 515, 465 N.E. 468, 471.

In the case at bar, Mack contracted with Austin Smith in 1985, some five years after cancellation of its corporate charter. Clearly, the purpose of the contract had no relation to any windup of corporate affairs. Moreover, the record gives no indication that Mack intended to cease doing business. Instead, it appears Mack intended to ignore the cancellation and continue to

conduct business as usual. Since there was no windup, Mack's actions were illegal. *Jasin v. Wolfgang Doerschlag Architects* (Dec. 14, 1984), Lucas App. No. L–84–185, unreported, 1984 WL 3691, citing R.C. 1701.97 and 1701.99.

█ Mack further claims R.C. 1701.13(H), the *ultra vires* provision, precludes State Auto's raising the defense of lack of capacity. That statute provides, in part:

"No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation, (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such or by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged overissue of shares."

On its face R.C. 1701.13(H) suggests that Mack correctly asserts that only the state, shareholders, or corporate officers may raise the issue of lack of corporate authority in an action of this kind. However, language in *Chatman, supra,* indicates that after the corporate charter has been cancelled, corporate officers lose the protection of the Corporation Act, with the result that R.C. 1701.13(H) is inapplicable. See *Nabakowski v. 5400 Corp.* (1986), 29 Ohio App.3d 82, 85, 29 OBR 92, 95, 503 N.E.2d 218, 222.

█ Having eliminated all statutory grounds for reversing the summary judgment granted by the trial court, we are left with Mack's assertion that equity—under the doctrine of estoppel—should prevent State Auto and Austin Smith from accepting the benefits of the contract without being required to compensate Mack. We agree that it is unfortunate that if a loss did, in fact, occur, our holding here assigns that loss to Mack. However, the public policy behind R.C. 1701.88 is intended to prevent business organizations from continuing to do business under the mantle of state approval where such approval has been revoked. While Austin Smith would have done well to investigate Mack's corporate status prior to contracting with Mack, more important, Mack had a duty to wind up its affairs and to refrain from posing as a corporation once its charter was cancelled. To do less was to commit fraud, which we cannot condone. Mack's first assignment of error is overruled.

Mack's second assignment of error apparently alleges that both State Auto and Austin Smith failed to file a timely answer to Mack's complaint. We disagree. State Auto was clearly in compliance with Civ.R. 12(A)(1) when it filed its answer within twenty-eight days after Mack had obtained service of process.

Mack ultimately obtained service of process on Austin Smith under Civ.R. 4.6(D), which provides for ordinary mail service after certified mail service has not been successful. A defendant has twenty-eight days after the date of mailing to respond under this rule. In the case at bar, Austin Smith did not respond until after Mack had filed a request for a default judgment against it some months after obtaining service. Mack argues the trial court improperly granted Austin Smith leave to file an answer after the default judgment motion had been filed, citing as authority *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752.

We distinguish *Miller* from this case on the grounds that in *Miller* no action was taken by the trial court on the default judgment motion. Moreover, the defendant in *Miller* made no motion which showed excusable neglect as required by Civ.R. 6(B)(2) as a "necessary prelude to the filing of the answer." *Id.* at 214, 16 O.O.3d at 247, 404 N.E.2d at 755.

In the case at bar, the trial court's order overruling the motion for default judgment and granting leave to answer indicated that Austin Smith raised its excusable neglect defense to the default judgment motion by oral motion with the support of its written affidavit. While Civ.R. 7(B)(1) directs that motions must be in writing, it also excepts motions made "during a hearing or trial." Interpreting this rule, courts have held that "a hearing is not an absolute prerequisite to the granting of the motion where there is sufficient evidence of excusable neglect in the record." *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 95, 7 OBR 124, 126, 454 N.E.2d 541, 545. Based upon the record before us, it appears the trial court properly considered the issue of whether excusable neglect entitled Austin Smith to an order denying a default judgment and granting leave to answer. Thus, there was no abuse of discretion. Mack's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.