[No. 34844-2-I.   Division One.   June 12, 1995.]

BRIAN WHITE, ET AL., *Appellants*, v. RICHARD DVORAK, ET AL., *Respondents*.

*John Widell* and *Spencer Hall,* for appellants.

*Eugene Knapp* and *Karen Vedder,* for respondent.

WEBSTER, J. — This case raises the issue of whether a person purporting to act as a corporation can sue as an individual for breach of a contract when the contract was entered into in the name of a nonexistent corporation. The contract was signed by Brian White for Marlborough Properties, Inc., a corporation long dissolved. Two other parties to the contract, Dvorak and Verbarendse, were granted summary judgment on grounds that White could not individually enforce the contract. White's appeal of the summary judgment order requires resolution of three issues: (1) whether a contract is void or unenforceable because a named party is a nonexistent corporation; (2) whether White's complaint alleged he was suing for breach of contract as an individual; and (3) whether White, who purported to act as a corporation, can sue individually for breach of contract. We hold that absent unfair prejudice, an individual purporting to act as a corporation is a party to a contract signed in the name of a nonexis-

tent corporation. As a party, the individual can sue for breach of contract.

## FACTS

In 1977, Marlborough Properties, Inc., became a Washington State corporation. The sole shareholders were Brian and Jean White. The corporation was administratively dissolved in August 1986 for failure to pay dues and file its annual report.

In fall 1988, Marlborough Properties, Inc., through Brian White, entered into an option agreement with Pat and Lois Doran to purchase property in Blaine, Washington. White, who wanted the property to develop a golf course and residential community, paid some money to the Dorans under the agreement.

In October 1988, White was introduced to Dvorak, Verbarendse, Zimbelman, Overdorf, and Freeman (The Group). Dvorak operates a travel agency, Verbarendse is a golf professional, Zimbelman is a greenskeeper, and Overdorf a golf course architect. In December 1988, Marlborough Properties, Inc., through Brian White, signed a letter of intent with The Group. The parties are identified as "Marlborough Properties Inc." and "Rick, Rick, Dale and Bill - 'The Group' ". Brian White signed under the words "Marlborough Properties Inc." without indicating any representative capacity. The substance of the letter of intent addresses the effort to develop a championship golf course with accompanying commercial and residential development. The letter requires each of the parties to contribute proportional shares of required funds on a monthly basis.

In late December 1988, the parties signed a supplemental letter of intent. The parties are identified as "R. Dvorak and B. White dba Marlborough," and White signed across from the words "Accepted by Marlborough Group Inc." The substance of the supplemental letter addressed costs and other responsibilities relating to golf course development.

When the Group allegedly failed to contribute its share of the funding, Brian and Jean White, and Marlborough Properties, Inc., filed suit. The complaint alleges anticipatory repudiation of the agreements, misrepresentation, and breach of fiduciary duty. It also alleges partial performance of the agreements by Marlborough. Dvorak and Verbarendse (Dvorak) were granted summary judgment against both Marlborough Properties, Inc., and the Whites. The Whites appeal.

## DISCUSSION

### Whether a Contract is Void or Unenforceable

Dvorak contends the agreements are void because Marlborough Properties, Inc. (Marlborough), the only party on one side of the contract, lacked competency to enter into the contract. Dvorak argues that the absence of corporate competency renders the agreements completely unenforceable.

A corporation which has been administratively dissolved no longer has corporate existence.[1] Former RCW 23A.28.125(3), *cf.* RCW 23B.14.210(3) (corporate existence continues, but only for purposes of winding up and liquidating). Dissolution terminates a corporations power to enter into contracts unrelated to winding up and liquidation. 16A William M. Fletcher, *Cyclopedia of Private Corporations* § 8118 (rev. ed. 1988). The absence of authority to enter into contracts, however, does not invalidate the contracts. First, a contract made in the name of a dissolved corporation may sometimes be enforced by another person associated with the corporation who is a real party in interest. W. Fletcher § 8118A; *cf.* RCW 23B.14.050(2)(e). Second, when a person assumes to act as a corporation, the person is personally liable to the other party on the contract. Former RCW

---

[1]Marlborough's dissolution occurred before RCW 23B took effect. Therefore, the dissolution is controlled by RCW 23A. Parallel citations are provided for convenience and cross-reference, but *are not* cited as authority supporting the accompanying text.

23A.44.100(1) (now RCW 23B.02.040). In other words, the person who is assuming to act as a corporation can be sued by the other party. If the contract were void, no such suit would be possible. Therefore, although the corporation cannot enforce a contract entered into when it lacked the capacity to contract, the contract is not absolutely void or completely unenforceable. *Alexson v. Steward,* 55 Cal. App. 251, 255, 203 P. 423, 425 (1921).[2]

Dvorak cites *Brend v. Dome Dev., Ltd.,* 418 N.W.2d 610 (N.D. 1988), a quiet title action in which one party was deeded land by a corporation, but did not record the deed. A second party was deeded the same property by the same corporation, albeit after dissolution. The court held that the deed to the second party did not vest any interest and was void because the corporation had been dissolved. *Brend* at 613. Although the corporation's deed was void, *Brend* does not support the contention that every contract to which a nonexistent corporation is a party is void. It does not involve enforcement of the underlying contract (i.e., an action for breach), but rather the fulfillment on an underlying contractual obligation (conveyance of an interest in property). *Brend* is inapposite.

Dvorak's other authority addresses the preliminary issue of corporate capacity without reference to the rights of other parties on underlying obligations. *Alperstein v. Sherwood Int'l, Inc.,* 778 P.2d 279 (Colo. Ct. App. 1989) involved an attempt to file and pursue a claim against an estate by a suspended corporation. The corporation had no authority to file a claim because the claim was characterized as "transacting business". *See also Mattson v. Underwriters at Lloyds of London,* 385 N.W.2d 854, 858 (Minn. Ct. App. 1986) (corporation lacked capacity to assign claim

---

[2]Dvorak cites a much later California case, *Damato v. Slevin,* 214 Cal. App. 3d 668, 262 Cal. Rptr. 879 (1989), for the proposition that when a dissolved corporation enters into a contract, it is voidable by the other party. This result, however, is based on a California statute, which provides: " 'Every contract made in violation of this article is hereby declared to be voidable, at the instance of any party other than the taxpayer' ". 214 Cal. App. at 672 (quoting Cal. Bank & Corporation Tax Law § 23304).

when corporate existence expired); *Mack Constr. Dev. Corp. v. Austin Smith Constr. Co.,* 65 Ohio App. 3d 402, 583 N.E.2d 1384 (1989) (corporation's acts were illegal because it lacked capacity to contract). These authorities do not address whether someone other than the corporation is a party to the contract and can bring suit individually. *See, e.g., Alpine Assocs., Inc. v. KP & R, Inc.,* 802 P.2d 1119 (Colo. Ct. App. 1990) (dismissal of alleged owner of corporation not appealed). While the corporation's lack of capacity affects its ability to enforce a contract, the absence of capacity does not invalidate the contract.

### Whether the Complaint Sufficiently Pleaded White's Individual Interest

Dvorak contends White "acted *on behalf of his Corporation* and not for his individual account", and therefore has failed to state a claim for individual relief. A related argument is that the Whites, as shareholders, cannot bring a claim on behalf of the corporation.

██ Both arguments mischaracterize the essence of the Whites' claim. The Whites are suing individually, but their claim need not rely on Dvorak's agreement to enter into a contract with them as individuals. Instead, White contends he purported to act as a corporation, and because no corporation existed, he individually became a party to the contract.[3] The caption reflects the Whites' status as individual plaintiffs, and the causes of action include individual claims. White's argument of purporting to act as a corporation is well enunciated in the response to Dvorak's motion for summary judgment and oral argument. White's claim is not barred because of a deficient complaint.

### Whether White Has an Individual Cause of Action

██ An individual who purports to act as a corporation is liable as a promisor on the contract:

---

[3]White's affidavit, which contends he was acting individually, is contradicted by some documents. Some documents, such as the supplemental letter of intent, equivocate between a trade name (d/b/a) and a corporate name.

All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this title, are jointly and severally liable for liabilities created while so acting except for any liability to any person who also knew that there was no incorporation.

RCW 23B.02.040 (*cf.* former RCW 23A.44.100(1) (1985): "All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof").[4] Imposing liability is supported by the strong inference that a person intends to make a present contract with an existing person. *Goodman v. Darden, Doman & Stafford Assocs.,* 100 Wn.2d 476, 479, 670 P.2d 648 (1983); *cf. Tagliani v. Colwell,* 10 Wn. App. 227, 230, 517 P.2d 207 (1973) (corporate officer not liable for *tort* which occurred during period when corporation had not paid annual license because corporation paid the fees before it ceased to exist, making RCW 23A.44.100 inapplicable). Determining the contractual liability of a person purporting to act as a corporation is, at its core, an examination of whether the person is a party to the contract. *See, e.g. Goodman,* 100 Wn.2d at 478.

■ When a person enters into a contract in the name of a corporation, and the corporation is subsequently formed, both the individual and the corporation are party promisors to the contract unless the other party knew of the nonexistence and agreed to look solely to the corporation. RCW 23B.02.040, including official comment; *American Seamount Corp. v. Science & Engineering Assocs., Inc.,* 61 Wn. App. 793, 798 & n.3, 812 P.2d 505, *review denied,* 117 Wn.2d 1024, 820 P.2d 510 (1991). In other words, there may be multiple parties on one side of the contract even though signed only in the name of the corporation. The

---

[4]The statute does not distinguish purporting to act before incorporation or after dissolution. *Cf. Murphy v. Crosland,* 886 P.2d 74, 80 (Utah Ct. App. 1994) (interpreting statute identical to RCW 23A.44.100(1)). The statute encompasses traditional "promoters" as well as all other persons who purport to act as corporations. Therefore, White's intent to reincorporate Marlborough is irrelevant.

corporation may also be the only party on one side of a contractual transaction when the other party agreed to look solely to the corporation, if and when formed. *Goodman,* 100 Wn.2d at 479. The individual who purports to act as a corporation may be the only party promisor on one side of the transaction when there is no corporation. RCW 23B.02.040; *see also* former RCW 23A.44.100(1). But the statute talks in terms of liability, not affirmative rights, and the question presented by this appeal is whether an individual purporting to act as a corporation may seek damages for breach of a contract to which the purported corporation was the only signatory.

One Washington case, *Pacesetter Real Estate, Inc. v. Fasules,* 53 Wn. App. 463, 464, 767 P.2d 961 (1989), authorizes a lawsuit by an individual purporting to act as a corporation. In *Pacesetter,* Brian and Sandra Fuller were the sole shareholders, officers, and directors of Pacesetter Real Estate, Inc. Pacesetter, which had been incorporated in 1980, was administratively dissolved in December 1983. It nevertheless entered into a real property purchase in November 1985, obtaining a $40,000 loan secured by a deed of trust. Pacesetter obtained a second loan in 1986, secured by a second deed of trust. The Fullers initially signed the second loan in their corporate capacity, but later signed individually. Both loans were delinquent by 1987 and the trustee under the deeds of trust gave notice of foreclosure. Pacesetter and the Fullers sued the holder of the note (and presumably the trustee), seeking an injunction, a declaration that the second loan was usurious, and an award of attorney fees. Although the complaint for usury concerned the second loan, the trial court addressed both loans, as did the Court of Appeals. 53 Wn. App. at 466 n.1. The holder of the note contended that the Fullers lacked standing to assert usury as to the first loan. Recognizing that the Fullers did not sign individually, the court opined that "capacity to sue must be based

on something other than the face of the instrument".[5] 53
Wn. App. at 469. The court held that the Fullers were as-
suming to act as a corporation without authority (citing
RCW 23A.44.100), and therefore had "standing". 53 Wn.
App. at 469. The essence of the court's ruling is that an in-
dividual who is liable is a promisor, and a promisor has
the right to sue as a promisee. While we agree with the
tenor and result of *Pacesetter,* we find nothing in RCW
23B.02.040 or RCW 23A.44.100(1) which implies, one way
or the other, an affirmative right to sue individually for
breach of contract. Because the statute does not speak to
the issue, we rely upon common law.

■■ Underlying every contract is the presumption
that the parties intend to create an enforceable obligation.
3 Arthur L. Corbin, *Contracts* § 546 (1960). This presump-
tion extends to contracts made in the name of a nonexis-
tent corporation. *Hagan v. Asa G. Candler, Inc.,* 189 Ga.
250, 257-58, 5 S.E.2d 739, 743, 126 A.L.R. 108 (1939); *cf.*
*Duncan v. Brookview House, Inc.,* 262 S.C. 449, 457-58, 205
S.E.2d 707, 711 (1974). The person purporting to act as a
corporation, as a practical matter, will want a binding
contract with the other party. Norman D. Lattin, *Corpora-
tions* ch. 4, § 4 (1959). The other party, similarly viewed
from a practical perspective, intends to make a present
contract with an existing person. *Goodman v. Darden,*
*Doman & Stafford Assocs.,* 100 Wn.2d 476, 479, 670 P.2d
648 (1983). An enforceable contract can exist only if the
person purporting to act as a corporation is a party to the
contract because the corporation lacks existence and can-
not be bound. Even though one party is unaware of the
corporate nonexistence, the presumption in favor of an
enforceable contract supersedes the silence of the parties
in the contract as to the effect of nonexistence of an entity
purporting to be a party. Therefore, when a third party

---

[5]The court recognized that the corporation could not bring suit because it
failed to reinstate its status during the two-year statutory period for reinstate-
ment, a failure which barred it from ever bringing an action in its own name.
53 Wn. App. at 468; *cf.* RCW 23B.14.050(2)(e).

enters into a contract with a person purporting to act as a corporation, the third party is bound. 1 George D. Hornstein, *Corporation Law and Practice* § 93 (1959). The contract is "a plain individual contract under which both parties can demand performance even though the tenor of the contract is that the proposed corporation will, when created, perform the promises the promoters make in the name of the unborn entity". *King Features Syndicate, Dep't of Hearst Corp. Int'l News Serv. Div. v. Courrier,* 241 Iowa 870, 880, 43 N.W.2d 718, 724, 41 A.L.R.2d 467 (1950) (holding that subsequent incorporation is not a condition which must exist before the promoter is found liable). Absent unfair prejudice to Dvorak from the use of a corporate name in the contract, White is a party to the contract and has an individual cause of action for its breach. *Alexson v. Steward,* 55 Cal. App. 251, 203 P. 423, 425 (Cal. Dist. Ct. App. 1921).

Reversed and remanded.

BAKER, C.J., and KENNEDY, J., concur.