JOURNAL ENTRY AND OPINION
On August 20, 2001, the relator Alexander Jurczenko commenced this writ action to prohibit the respondents, the Cleveland Municipal Court and Judge Raymond Pianka, from exercising any jurisdiction over the underlying case, Brotherhood of Locomotive Engineers Building Association v. Alexander Jurczenko, Cleveland Municipal Court Case No. 01 CVG 3883. He argues that because the Brotherhood of Locomotive Engineers Building Association's (hereinafter "the Association") corporate articles had been canceled at the time it commenced the underlying case against him, that lawsuit is null and void, and the respondents have no jurisdiction over it. For the following reasons, this court denies Mr. Jurczenko's request for an alternative writ and dismisses this prohibition action.
First, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Moreover, Mr. Jurczenko's claim for prohibition is not well founded. His attachments and complaint indicate the following: In November 1995, Mr. Jurczenko entered into a lease agreement with the Association for storage space. However, in 1990 the Association's articles of incorporation had been canceled for failure to file a statement of continued existence. Mr. Jurczenko reasoned that because the Association no longer existed, he did not have to pay rent. When the Association sued him in February 2001 for forcible entry and detainer and nonpayment of rent, Mr. Jurczenko defended on the grounds that the Association did not exist and lacked legal capacity to sue. The Association then obtained reinstatement of its articles of incorporation, and the trial court allowed the underlying case to proceed according to R.C. 1702.60 and common law decisions. Mr. Jurczenko then commenced this prohibition action to vindicate his position.
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988),39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School District Board of Education v. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116.
In the present case, the affirmative defense of lack of capacity to sue does not deprive the respondents of jurisdiction. Rather, it is an issue of law which, if necessary, is remediable on appeal. In State ex rel. LTV Steel Company v. Gwin (1992), 64 Ohio St.3d 245, 594 N.E.2d 616, the Supreme Court of Ohio ruled that affirmative defenses, such as standing, are issues which are appealable as error and do not attack a court's jurisdiction. Mr. Jurczenko's reliance on his pertinent authority is misplaced and undermines his position. Mack Construction Development Corporation v. Austin Smith Construction Company (1989),65 Ohio App.3d 402, 583 N.E.2d 1384, identifies the lack of capacity to sue as an affirmative defense and addresses the issue on direct appeal, rather in a writ of prohibition. State ex rel. Bohlman v. Judge Terrence O'Donnell (Jan. 21, 1993), Cuyahoga App. No. 64388, unreported, reversed (1994), 68 Ohio St.3d 496, 628 N.E.2d 1367, concerned the specifics of a medical malpractice statute of limitations which was subsequently declared unconstitutional. State ex rel. National Employee Benefit Services, Inc. v. Court of Common Pleas of Cuyahoga County (1990),49 Ohio St.3d 49, 550 N.E.2d 941 is distinguishable and unpersuasive because it rests on the monetary jurisdiction of the municipal court, not an affirmative defense. Thus, Mr. Jurczenko has failed to raise even a doubt that the defense of lack of capacity to sue might affect the jurisdiction of the respondents.
Mr. Jurczenko in his prayer also asked for the issuance of an alternative writ to stop the trial of the Association's second cause of action scheduled for August 20, 2001. Aside from the fact that he did not establish the grounds for an alternative writ, Mr. Jurczenko also failed to make a separate application for it as required by Local Rule 45(B)(2).
Accordingly, the court denies the request for an alternative writ and dismisses this writ action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ Dismissed.
ANN DYKE, J., and FRANK D. CELEBEZZE, JR., J., CONCUR.