# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JONES ENGINEERS INC. P.S., a Washington professional service corporation, | ) ) ) | No. 70269-6-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| DEREK R. STEBNER and JANE DOE STEBNER; and their marital community; STEBNER ENTITIES; CANYON HOLDINGS INC., a Washington corporation; PLANTATION BUILDERS, LLC, a Washington company; JOHN and JANE DOES 1-5; DOE ENTITIES 1-20, | ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) ) | FILED: July 28, 2014 |

SCHINDLER, J. — At the conclusion of trial, the court ruled Jones Engineers Inc. P.S. was entitled to entry of judgment for payment of engineering services against Derek Stebner, Stebner Entities, Canyon Holdings Inc., and Plantation Builders LLC. Stebner appeals entry of the judgment against him. Because Stebner is personally liable as a party to the contract, we affirm, but remand to delete the nonexistent entity "Stebner Entities" as a named judgment debtor.

FACTS

Darcy Jones is the owner and president of the engineering services firm Jones Engineers Inc. P.S. Since at least 2004, Jones Engineers has provided engineering, land surveying, and land use consulting services to developer Derek Stebner on various projects ranging from single-family homes to subdivisions and apartment complexes.

On December 27, 2005, Darcy Jones on behalf of Jones Engineers, and Derek Stebner on behalf of "Derek Stebner Entities, et al," entered into a contract for land use consulting and engineering services for the "Semiahmoo" development project in Blaine, Washington. The agreement identifies the parties as "Jones Engineers, Inc." and "Derek Stebner Entities, et al." The signature block states:

| | |
|---|---|
| Consultant: Jones Engineers, Inc. | Client: Derek Stebner Entities, et al |
| By: [/s/ Darcy Jones] | By: [/s/ Derek Stebner] |
| Name/Title: Darcy Jones, PLS<br>Principal | Name/Title: Derek Stebner<br>Owner |

The contract also includes a provision for attorney fees: "In addition to any other entitled relief, the prevailing party in any action at law or equity brought to enforce or interpret this Agreement shall be entitled to reasonable attorneys' fees."

After beginning work on the Semiahmoo project, Jones Engineers sent invoices to "Derek Stebner Entities, et al" on a monthly basis. Jones Engineers received payments from Plantation Builders LLC, from a trust account at the firm of Stebner's lawyer, and from Big Sky Industries Ltd.[1]

On January 15, 2007, Jones and Stebner agreed that Jones Engineers would provide additional engineering services "to [the] redesign of a portion of the public sewer and storm systems to include offsite design alternatives for the Inverness at Semiahmoo

---

[1] Plantation Builders LLC is the successor of Big Sky Industries Ltd.

2

project" on a time and materials basis. The 2007 memorandum agreement between Stebner and Jones states, in pertinent part:

> The exact scope of work that will be ultimately needed to accomplish your goals is unknown at this time. Based on my experience with this, and other similar projects I estimate the additional engineering design work may be approximately $15,000 to $20,000.

The memorandum agreement also states that the work "will be performed on a Time and Materials" basis, sets forth the rate charged for labor, and expressly provides, "All the terms and conditions established in our existing contract for this project dated December 27, 2005 will remain in effect." Stebner signed the memorandum agreement as "Derek Stebner, et al[,] Owner."

In March 2008, Jones Engineers submitted the Semiahmoo project engineering plans to the city of Blaine.

In April 2008, Stebner's Semiahmoo project manager Ali Taysi sent an e-mail to Jones Engineers requesting an "additional tree survey for the eastern portion" of the site. The e-mail states, in pertinent part, "I spoke with Derek about this yesterday and he indicated to me that it was okay to get this done."

As agreed in the 2007 memorandum agreement between Jones and Stebner and in the e-mail from Taysi, Jones Engineers completed the redesign of the sewer and storm systems and the tree survey. The May 2008 invoice shows an outstanding balance of $54,924.83. Of the amount owed, $40,020.00 was for redesigning the sewer and storm systems and the tree survey for the Semiahmoo project.

Stebner did not pay the amount owed. Jones Engineers stopped work on the Semiahmoo project. On June 5, 2008, Jones Engineers sent a written notice to Stebner, "We have stopped all work pending resolution of past due accounts."

3

On June 19, Jones Engineers filed statutory liens on the Semiahmoo development. The liens state that "Derek Stebner and related 'Stebner Entities;' [and] Canyon Holdings Inc." owe Jones Engineers $55,204.83.

On March 6, 2009, Jones Engineers filed a lawsuit against Derek and Jane Doe Stebner and their marital community, Stebner Entities, Canyon Holdings Inc., Plantation Builders LLC, John and Jane Does 1-5, and Doe Entities 1-20. The lawsuit asserts claims for foreclosure of the construction liens, account stated, "Breach of Contract/Quasi-Contract/Reformation," and quantum meruit. Jones Engineers sought entry of a judgment for the amount owed of $55,204.83 plus prejudgment interest and attorney fees and costs.

Jones, Taysi, and Stebner testified during the two-day bench trial. Jones testified Stebner was personally liable under the terms of the 2005 contract: "[T]hat was a specific term of mine to enter into this contract was that we bound Derek personally."

Stebner testified, "The way I interpret these documents is that I'm signing as the commanding officer of Stebner Entities, but not as myself personally." Stebner said that when he signed the 2007 memorandum agreement, "I'm representing myself as being the controlling individual of an LLC or a subchapter S corporation that either owns the property and/or is in the general contracting capacity." Stebner testified that Big Sky Industries, the general contractor on the project, and Canyon Holdings, the company that owns the property, were parties to the contract.

The court ruled that Stebner was jointly and severally liable for the engineering services for payment of all services performed under the contract in the amount of $55,204.83. The court entered detailed findings of fact and conclusions of law. The

4

court found that "[t]here is no actual company named Derek Stebner Entities" and that "[p]ursuant to the contract, Derek Stebner is liable personally for the payment of all services performed pursuant to the contract by Plaintiff for the Defendant entities."

The court entered judgment jointly and severally against "Derek R. Stebner, Stebner Entities; Canyon Holdings, Inc., a Washington corporation, and Plantation Builders, L.L.C., a Washington company," in the amount of $55,204.83 plus prejudgment interest of $31,508.40, reasonable attorney fees of $44,440.00, and costs of $1,944.13.

## ANALYSIS

Stebner contends the court erred by entering judgment against him. Stebner argues he is not personally liable under the 2005 contract or the 2007 memorandum agreement.

"The touchstone of contract interpretation is the parties' intent." Tanner Elec. Coop. v. Puget Sound Power & Light, 128 Wn.2d 656, 674, 911 P.2d 1301 (1996). In determining the parties' intent,

> we will consider the "contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of the respective interpretations advocated by the parties."

Paradise Orchards Gen. P'ship v. Fearing, 122 Wn. App. 507, 516, 94 P.3d 372 (2004) (quoting Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990)). To determine the parties' intent, we must focus on the objective manifestations in the written contract rather than the unexpressed subjective intent of either party. Hearst Communic'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005). We give words used

in a contract their ordinary, usual, and popular meaning unless the agreement clearly demonstrates a contrary intent. Hearst, 154 Wn.2d at 504.

Here, Jones and Stebner entered into the 2005 contract on behalf of "Jones Engineers" and "Derek Stebner Entities." But the unchallenged finding establishes that "Stebner Entities" does not exist. Unchallenged finding of fact 6 states, "There is no actual company named Derek Stebner Entities." Unchallenged findings of fact are verities on appeal. Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995).

As a general rule, "one who contracts as an agent in the name of a nonexistent or fictitious principal . . . renders himself personally liable on the contract. One professing to act as agent, if he does not bind his principal, binds himself." 12 RICHARD A. LORD, WILLISTON ON CONTRACTS § 35:39, at 374 (4th ed. 1999). "Underlying every contract is the presumption that the parties intend to create an enforceable obligation." White v. Dvorak, 78 Wn. App. 105, 114, 896 P.2d 85 (1995) (citing 3 ARTHUR L. CORBIN, CONTRACTS § 546 (1960)). "This presumption extends to contracts made in the name of a nonexistent corporation." White, 78 Wn. App. at 114.

"The person purporting to act as a corporation, as a practical matter, will want a binding contract with the other party. . . . The other party, similarly viewed from a practical perspective, intends to make a present contract with an existing person." White, 78 Wn. App. at 114 (citing NORMAN D. LATTIN, CORPORATIONS ch. 4, § 4 (1959); Goodman v. Darden, Doman & Stafford Assocs., 100 Wn.2d 476, 479, 670 P.2d 648 (1983)). Where an individual purports to act as a corporation that does not exist, "[a]n enforceable contract can exist only if the person purporting to act as a corporation is a party to the contract because the corporation lacks existence and cannot be bound."

White, 78 Wn. App. at 114; see also 3 AM. JUR. 2D Agency § 295, at 666 (2002) ("Generally, one who contracts as an agent in the name of a nonexistent or fictitious principal . . . is personally liable on the contract so made.").

There is no dispute that Jones and Stebner intended to enter into an enforceable contract and that "Stebner Entities" does not exist. Because Stebner entered into the contract on behalf of an entity that does not exist, the court did not err in concluding Stebner is personally liable "[p]ursuant to the contract."

Stebner signed the 2007 memorandum agreement as "Derek Stebner, et al[,] Owner." The 2007 memorandum agreement does not identify any person or entity other than Derek Stebner as a party to the contract. The objectively manifested intent of the parties indicates that Stebner is a party to the contract. The 2007 memorandum agreement also states, "All the terms and conditions established in our existing contract for this project dated December 27, 2005 will remain in effect," and does not demonstrate an intent to change the parties to the 2005 contract.[2]

In the alternative, Stebner contends that even if he is personally liable, substantial evidence does not support the findings that address the amounts owed for storm water and sewer work. Substantial evidence supports the court's findings.

We review a trial court's findings of fact and conclusions of law to determine whether substantial evidence supports the findings of fact and, in turn, whether the findings support the conclusions of law. Scott v. Trans-Sys., Inc., 148 Wn.2d 701, 707-08, 64 P.3d 1 (2003). Substantial evidence is the quantum of evidence sufficient to

---

[2] Stebner also argues that the doctrine of mutual mistake, scrivener's error, or unilateral mistake applies. Because Stebner did not raise these theories below, we do not address them. RAP 2.5(a); Lunsford v. Saberhagen Holdings, Inc., 139 Wn. App. 334, 338, 160 P.3d 1089 (2007).

persuade a rational fair-minded person that the premise is true. <u>Wenatchee Sportsmen Ass'n v. Chelan County</u>, 141 Wn.2d 169, 176, 4 P.3d 123 (2000). The court views the evidence and all reasonable inferences in the light most favorable to the prevailing party. <u>Korst v. McMahon</u>, 136 Wn. App. 202, 206, 148 P.3d 1081 (2006). We defer to the trial court's determination regarding conflicting evidence and credibility of the witnesses. <u>Weyerhaeuser v. Tacoma-Pierce County Health Dep't</u>, 123 Wn. App. 59, 65, 96 P.3d 460 (2004).

The court found that the defendants owed $40,020 for the additional work requested by Stebner for (1) storm water issues and alternatives, (2) sewer issues, and (3) the tree survey. Substantial evidence supports this finding. Exhibit 2 is an invoice stating that for the period of May 1 to 31, 2008, the amount due for "extra work" is $40,020, and Stebner testified that "extra work" meant work outside the scope of the 2005 contract.

Although Stebner claims the trial court erred by failing to limit the attorney fee award to the theories Jones Engineers prevailed on, he does not identify the theories Jones Engineers did not prevail on. In any event, the record does not support his argument. The contract provides that "[i]n addition to any other entitled relief, the prevailing party in any action at law or equity brought to enforce or interpret this Agreement shall be entitled to reasonable attorneys' fees." The trial court found that Jones Engineers was the prevailing party and awarded $59,440 as reasonable attorney fees.[3]

---

[3] Stebner also argues that prejudgment interest and attorney fees are not recoverable under quasi contract or quantum meruit, but the court awarded damages, attorney fees, and prejudgment interest based on the contract.

Finally, Stebner asserts the court erred by entering judgment against "Stebner Entities." We agree. The court found, "There is no actual company named Derek Stebner Entities." But we conclude this reference in the judgment to "Stebner Entities" is an inadvertent error and remand for the trial court to amend the judgment and delete "Stebner Entities."

In sum, we affirm in all respects but remand to delete the inconsistent reference to "Stebner Entities" from the judgment. Upon compliance with RAP 18.1, Jones Engineers is entitled to an award of reasonable attorney fees on appeal under the terms of the contract.

WE CONCUR: